GIBSON, DUNN & CRUTCHER LLP
Jason J. Mendro (Bar No. 220842)
jmendro@gibsondunn.com
1700 M Street NW
Washington, DC 20036-4504
Telephone: 202.887.3726
Facsimile: 202.530.9626

Jessica I. Valenzuela (Bar No. 220934)
jvalenzuela@gibsondunn.com
Zaneta J. Kim (Bar No. 317844)
zkim@gibsondunn.com
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5282
Facsimile: 650.849.5333

*Attorneys for Defendants Todd Nightingale, Ronald Kisling, Aida Álvarez, Artur Bergman, Richard Daniels, David Hornik, Paula Loop, Charles Meyers, Christopher Paisley, Vanessa Smith, and Nominal Defendant Fastly, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FASTLY, INC. DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Lead Case No.: 4:24-cv-03549-JST<br>Related Case No.: 4:26-cv-06483-JST<br><br>**STIPULATION AND ~~[PROPOSED]~~ ORDER TO FURTHER EXTEND DEADLINE TO FILE SCHEDULING ORDER AND TO VACATE DEADLINES IN RELATED ACTION**<br><br>Judge: Hon. Jon S. Tigar |
| RICHARD SUVER, derivatively on behalf of FASTLY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TODD NIGHTINGALE, et al.,<br><br>Defendants. | |

**TO ALL PARTIES AND THEIR UNDERSIGNED COUNSEL OF RECORD:**

Pursuant to Civil Local Rules 6-1, 6-2, and 7-12, plaintiffs Anand Roy and Joshua Steffens (the "Consolidated Plaintiffs"), plaintiff Richard Suver ("Plaintiff Suver," together with the Consolidated Plaintiffs, "Plaintiffs"), nominal defendant Fastly, Inc. ("Fastly"), and defendants Todd Nightingale, Ronald Kisling, Aida Álvarez, Artur Bergman, Richard Daniels, David Hornik, Paula Loop, Charles Meyers, Christopher Paisley, and Vanessa Smith (the "Individual Defendants," together with Fastly, "Defendants," and Defendants together with Plaintiffs, the "Parties"), by and through their respective counsel, hereby stipulate and agree that good cause exists, subject to Court approval, to (1) further extend the Parties' deadline to submit a proposed scheduling order or other proposed order governing further proceedings in the consolidated shareholder derivative action captioned, *In re Fastly, Inc. Derivative Litigation*, Lead Case No. 4:24-cv-03549-JST (the "Consolidated Derivative Action"), and (2) vacate and take off calendar any and all deadlines in the related shareholder derivative action captioned, *Suver v. Nightingale, et al.*, No. 4:26-cv-06483-JST (the "*Suver* Action"), on the terms set forth herein (the "Stipulation").

**WHEREAS**, on June 12, 2024, plaintiff Anand Roy filed a shareholder derivative action purportedly on behalf of Fastly in this Court (the "Roy Action") (Dkt. 1);

**WHEREAS**, on July 1, 2024, plaintiff Joshua Steffens filed a shareholder derivative action purportedly on behalf of Fastly in this Court (the "Steffens Action");

**WHEREAS**, on August 13, 2024, the Court found that the Roy Action and the Steffens Action are related to one another and to the securities class action now captioned *In re Fastly, Inc. Securities Litigation*, No. 4:24-cv-03170-JST (the "Class Action") (Dkt. 14);

**WHEREAS**, on August 21, 2024, the Court consolidated the Roy and Steffens Actions into the Consolidated Derivative Action and appointed The Brown Law Firm, P.C. and Rigrodsky Law, P.A. as Co-Lead Counsel for the Consolidated Plaintiffs (Dkt. 18);

**WHEREAS**, on September 17, 2024, the Court issued an order staying the Consolidated Derivative Action (Dkt. 25, the "Stay Order");

**WHEREAS**, pursuant to the Stay Order, the Consolidated Derivative Action is stayed until any and all motion(s) to dismiss in the Class Action have been "finally and fully resolved, including that any appeals have been concluded or the time for seeking appellate review has passed with no further action from the parties to the Class Action," and the parties are required to "meet and confer, and within fourteen (14) days after the stay is lifted submit a proposed scheduling order to the Court for approval" (Dkt. 25 ¶¶ 1, 4);

**WHEREAS**, on August 10, 2026, the Court in the Class Action granted in part and denied in part the defendants' motion to dismiss the second amended complaint in the Class Action and granted plaintiffs thirty (30) days to amend their pleading (Class Action, Dkt. 93);

**WHEREAS**, on September 8, 2026, plaintiffs in the Class Action filed a notice of intent not to amend their operative pleading (Class Action, Dkt. 99);

**WHEREAS**, on September 30, 2026, the Court entered a stipulated order extending the deadline to meet and confer and submit a proposed scheduling order or other proposed order governing further proceedings in the Consolidated Derivative Action to thirty (30) days after entry of that order, and providing that the Consolidated Derivative Action shall remain stayed during that period (Dkt. 31, the "Order Extending Stay"), such that the current deadline is October 30, 2026;

**WHEREAS**, on June 29, 2026, Plaintiff Suver filed the *Suver* Action in this Court, and Defendants have not been served in the *Suver* Action;

**WHEREAS**, on October 20, 2026, the Court entered an order relating the *Suver* Action to the Consolidated Derivative Action (Dkt. 35; *Suver* Action, Dkt. 15), and the *Suver* Action was reassigned the following day to the Honorable Jon S. Tigar, who presides over the Consolidated Derivative Action and the Class Action (*Suver* Action, Dkt. 16);

**WHEREAS**, following entry of the Order Extending Stay, the Parties have met and conferred and are currently negotiating a stipulation that would address, among other things, the consolidation of the *Suver* Action into the Consolidated Derivative Action and a stay of the consolidated proceedings, and the Parties require additional time to finalize that stipulation;

**WHEREAS**, the Parties therefore agree that a further thirty (30) day extension of the deadline set by the Order Extending Stay is warranted to permit the Parties to complete their negotiations and submit a stipulation addressing consolidation and stay or, alternatively, a proposed schedule for further proceedings;

**WHEREAS**, in light of the Parties' ongoing negotiations regarding the consolidation and stay of the *Suver* Action, and in the interests of judicial economy and the efficient use of the Parties' resources, the Parties further agree that any and all deadlines in the *Suver* Action should be vacated and taken off calendar pending further order of the Court;

**WHEREAS**, there has been one prior time modification in the Consolidated Derivative Action (Dkt. 31) and no prior time modifications in the *Suver* Action, as set forth in the accompanying Declaration of Zaneta J. Kim;

**WHEREAS**, other than as set forth herein, the requested relief would not affect any other existing deadlines, settings, or schedules;

**NOW, THEREFORE**, the Parties, subject to approval of the Court, hereby stipulate and agree as follows:

1. The Parties' deadline to meet and confer and submit a proposed scheduling order or other proposed order governing further proceedings in the Consolidated Derivative Action is further extended to thirty (30) days after entry of the Court's order approving this Stipulation.
2. The Consolidated Derivative Action shall remain stayed during the extension period set forth in Paragraph 1. All terms and conditions of the Stay Order shall continue to apply during that period.
3. Any and all deadlines in the *Suver* Action, including any case management conference and associated deadlines, are vacated and taken off calendar pending further order of the Court.
4. Nothing in this Stipulation shall be construed as a waiver of any of the Parties' rights, objections, arguments, or defenses, all of which are expressly reserved, including Defendants' rights and defenses with respect to service of process in the *Suver* Action.

**IT IS SO STIPULATED.**

Dated: October 30, 2026

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Jason J. Mendro*

Jason J. Mendro (Bar No. 220842)
jmendro@gibsondunn.com
1700 M Street NW
Washington, DC 20036-4504
Telephone: 202.887.3726
Facsimile: 202.530.9626

Jessica I. Valenzuela (Bar No. 220934)
jvalenzuela@gibsondunn.com
Zaneta J. Kim (Bar No. 317844)
zkim@gibsondunn.com
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5282
Facsimile: 650.849.5333

*Attorneys for Defendants Todd Nightingale, Ronald Kisling, Aida Álvarez, Artur Bergman, Richard Daniels, David Hornik, Paula Loop, Charles Meyers, Christopher Paisley, Vanessa Smith, and Nominal Defendant Fastly, Inc.*

Dated: October 30, 2026

THE BROWN LAW FIRM, P.C.

By: */s/ Robert C. Moest*

Robert C. Moest, SBN 62166
2530 Wilshire Boulevard, Second Floor
Santa Monica, CA 90403
Telephone: (310) 915-6628
Facsimile: (310) 915-9897
Email: rmoest@thebrownlawfirm.net

Timothy Brown
1350 Avenue of the Americas, Suite 1200
New York, NY 10019
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

*Counsel for Plaintiff Anand Roy and Co-Lead Counsel for Consolidated Plaintiffs*

Alex J. Tramontano (SBN 276666)

**RIGRODSKY LAW, P.A.**
1091 North Palm Canyon Drive, Suite 9
Palm Springs, CA 92262
Telephone: (760) 406-5746
Email: ajt@rl-legal.com

RIGRODSKY LAW, P.A.
Vincent Licata
225 Broadway, Suite 3707
New York, NY 10007
Telephone: (212) 201-7690
Email: vl@rl-legal.com

*Counsel for Plaintiff Joshua Steffens and Co-Lead Counsel for Consolidated Plaintiffs*

Dated: October 30, 2026

EMERY REDDY, PC

By: */s/ Gregory Haroutunian*
Gregory Haroutunian (SBN 330263)
333 University Avenue, Suite 200
Sacramento, CA 95825
Telephone: (916) 823-6955
Email: gregory@emeryreddy.com

Gregory M. Egleston
GAINEY McKENNA & EGLESTON
260 Madison Avenue, 22nd Floor
New York, NY 10016
Telephone: (212) 983-1300
Facsimile: (212) 983-0383
Email: gegleston@gme-law.com

*Counsel for Plaintiff Richard Suver*

# ~~[PROPOSED]~~ ORDER

Having considered the Parties' Stipulation and [Proposed] Order to Further Extend Deadline to File Scheduling Order and to Vacate Deadlines in Related Action, and good cause appearing, **IT IS HEREBY ORDERED**:

1. The Parties' deadline to meet and confer and submit a proposed scheduling order or other proposed order governing further proceedings in the Consolidated Derivative Action is further extended to thirty (30) days after entry of this Order.
2. The Consolidated Derivative Action shall remain stayed during the extension period set forth in Paragraph 1. All terms and conditions of the Stay Order shall continue to apply during that period.
3. Any and all deadlines in the *Suver* Action, including any case management conference and associated deadlines, are VACATED and taken off calendar pending further order of the Court.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: November 4, 2026

HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE